532 F.2d 860
 RUANE et al., and the Jockeys' Guild, Inc. on behalf of all
member jockeys licensed in the State of New York,
Plaintiffs-Appellants,
v.
The NEW YORK STATE RACING AND WAGERING BOARD and the Board
of Stewards designated and approved by the New
York State Racing and Wagering Board,
Defendants-Appellees.
 No. 580, Docket 75-7556.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 19, 1976.
Decided March 29, 1976.
 
 Elizabeth A. Fitzpatrick, New York City (Jackson, Nash, Brophy, Barringer & Brooks, New York City, Lawrence P. McGauley, Roger D. Smith, Ronald S. Herzog, New York City, of counsel), for appellants.
 Joel Lewittes, New York City (Louis J. Lefkowitz, Atty. Gen. of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., Mortimer Sattler, Asst. Atty. Gen., New York City, of counsel), for appellee New York State Racing and Wagering Board.
 Miles M. Tepper, New York City (Cahill, Gordon & Reindel, New York City, O. Carlysle McCandless, David R. Hyde, New York City, of counsel), for appellee The Board of Stewards.
 Before FEINBERG, OAKES and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 On September 21, 1974, appellant jockeys refused to ride in the seventh race at Belmont Park unless it was switched from the grass course to the dirt track, because they felt that heavy rains had rendered the turf unsafe. The Stewards obtained substitute riders, and the race was run without mishap on the grass course. Two days later, the Stewards fined each of the recalcitrant jockeys $250 for refusal to fulfill a riding engagement. 9 N.Y.C.R.R. § 4040.6. After a full evidentiary hearing, the Stewards' action was upheld by the State Racing and Wagering Board.
 
 
 2
 Appellants instituted the instant civil rights action in the Southern District of New York, alleging, inter alia, that the State's failure to include an active rider among the Belmont Stewards[1] denied the jockeys equal protection and that the imposition of fines without prior notice and hearing deprived them of procedural due process. We believe that Judge Duffy correctly rejected these contentions. 400 F.Supp. 819 (S.D.N.Y.1975).
 
 
 3
 On appeal, appellants have expanded their due process claim, urging that the Stewards' decision to run the seventh race without a pre-race hearing on track safety conditions deprived them of their property right to compete in that race, a right which, they say, derives from their State-granted licenses to participate in horse races. See N.Y.Unconsol.Laws § 7915 (McKinney Supp.1976). We cannot accept this proposition. Assuming, without deciding, that the licensing of jockeys gives them some sort of general right to compete in scheduled races, that right could have not have been infringed here, for the race in question was run exactly as originally written, i. e., on the turf. Though the Stewards' refusal to switch the race to the dirt track deprived appellants of the opportunity to compete in a particular type of race, we find wholly unpersuasive the contention that, merely because jockeys have been granted licenses, they thereby acquire a "legitimate claim of entitlement", Goss v. Lopez, 419 U.S. 565, 573, 95 S.Ct. 729, 736, 42 L.Ed.2d 725, 733 (1975); Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972), to compete only under terms which they deem acceptable.
 
 
 4
 The dismissal of the complaint is affirmed.
 
 
 
 [1]
 N.Y.Unconsol.Laws § 7914 (McKinney 1961)